IN **THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. ANGELA HILL ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV-14-472-C |
| ) | |
| 1. INTEGRIS HEALTH, INC. ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | Attorney Lien Claimed |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her cause of action herein alleges:

## PARTIES

1. The Plaintiff is Angela Hill, an African American female, who resides in Oklahoma County, Oklahoma.

2. The Defendant is Integris Health, Inc. a business entity doing business in various counties throughout Oklahoma, including Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's causes of action are for racial discrimination and retaliation for complaining of such discrimination, which is prohibited by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, discrimination and retaliation after requesting reasonable accommodations in violation of the Americans with Disabilities Act (ADA) and the OADA; and retaliation for exercising Plaintiff's rights under the FMLA, which is a violation of the FMLA. Jurisdiction over the federal claims is provided under 29 U.S.C. § 2617(a)(2), 42 U.S.C. §§ 2000e-5(f)(1), 42 U.S.C. § 12117(a), and 28 U.S.C. § 1331. The state law claims arise out of the same core set of facts, and jurisdiction is vested over those claims by 28 U.S.C. § 1367(c).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma, which is located within the Western District of Oklahoma, wherefore venue is proper in this

Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

5. Plaintiff was employed at Defendant's Mental Health Facility in Spencer, Oklahoma from approximately October 26, 2009 until about December 4, 2012.

6. Plaintiff was employed by the Defendant as a Nurse, and performed her job duties satisfactorily.

7. Plaintiff suffers from a disability as defined by the ADAAA, in that she suffers an autoimmune disease which affects the major bodily function of the immune system. Plaintiff Hill's medical condition, in its active form and without remedial measures, affects the immune system and its function by causing it to attack healthy tissue, thus significantly impairing this major bodily function in comparison with the average population.

8. Around June 2012, Defendant's employees Randy Walker (Caucasian), Maryanne (Last name Unknown)(Caucasian), and Cindy Karafe (Caucasian),began harassing Plaintiff, and referred to her as "that black nurse" rather than using Plaintiff's given name.

9. Around June 27, 2012, Plaintiff filed a formal grievance of race discrimination with LaNita Holland, Human Resources.

10. On or about July 20, 2012, Randy Walker (Caucasian) was promoted to Clinical Director, which made him Plaintiff 's direct supervisor.

11. Shortly after Walker's promotion, the Defendant significantly reduced the number of hours Plaintiff was allowed to work, and involuntarily reassigned her to a different unit.

12. Additionally, Defendant took away Plaintiff 's Saturday shift and gave such shift to a Caucasian employee.

13. The reassignment, removal of Plaintiff's Saturday shift, and subsequent loss of hours

Case 5:14-cv-00472-C  Document 1  Filed 05/08/14  Page 3 of 6

resulted in a demotion in terms of job assignment and pay.

14. Upon information and belief, Cindy, one of the employees who engaged in the racial discrimination, was promoted shortly after Plaintiff complained of racial discrimination.

15. As a result of the retaliation and racial discrimination, Plaintiff's medical condition significantly worsened.

16. Around October 5, 2012, Plaintiff requested intermittent FMLA leave to undergo medical treatment and recover from flare ups of her autoimmune disorder, which is a serious medical condition. Plaintiff made the request for FMLA leave to Ms. Holland, and explained the medical basis for such leave.

17. Around October 27, 2012, Plaintiff took medical leave for her medical condition, and thereafter at various other times when she would suffer flare up of her autoimmune condition.

18. Leave to take off work for treatment of Plaintiff's medical condition is a reasonable accommodation under the ADA, and protected leave under the FMLA.

19. Around November 21, 2012, Plaintiff suffered from a flare up of her autoimmune condition such that she was unable to report to work.

20. Plaintiff timely notified the House Supervisor of her medical condition, and the House Supervisor approved Plaintiff's absence.

21. However, on or about November 22, 2012, Plaintiff was subsequently disciplined by Randy Walker for taking off work, even though such absence was for her serious medical condition and had been approved by her supervisor.

22. Plaintiff complained to Mr. Walker that her leave was protected because it was for a serious medical condition.

23. Around December 4, 2012, Plaintiff was terminated. The person who told Plaintiff she was terminated was Randy Walker. The stated reason for the termination was a

"failure to follow medication orders" on November 23, 2012. This reason is false and pretextual for several reasons, including that Plaintiff had not failed to follow medication orders.

24. At the least, motivating factors in the decision to terminate Plaintiff were her race, complaints of race discrimination, disability, requests for accommodation and/or FMLA leave, and/or complaints of disability discrimination.

25. As a direct result of Defendant's harassing and retaliatory conduct, the Plaintiff has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm symptoms including stress, anxiety, frustration, and similar unpleasant emotions.

26. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on May 31, 2013 which is within one hundred and eighty (180) days of Plaintiff's wrongful termination. The EEOC issued Plaintiff her right to sue letter for this charge on April 24, 2014, and Plaintiff received such letter thereafter. Plaintiff's complaint is timely filed within ninety (90) days of her receipt of the right to sue letter. By these means, Plaintiff has exhausted all requirements for filing suit under both state and federal law.

## COUNT I

Plaintiff incorporates the allegations above and further alleges:

27. Termination on the basis of race is contrary to Title VII and the OADA.

28. Under Title VII and Sec. 1981, Plaintiff is entitled to compensation for lost earnings, past, present and future and for the value of the benefits associated with such earnings, as well as damages for emotional distress/dignitary

29. Because Defendant's actions were willful and in either malicious or reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages from the

Defendant pursuant to 42 U.S.C. §1981a and Sec. 1981. Plaintiff is entitled to an award of liquidated damages under the OADA provisions.

30. Plaintiff asserts that the OADA damage caps are unconstitutional under Oklahoma's prohibitions against special laws, and that Plaintiff is entitled to the full range of normal tort damages.

31. Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT II

Plaintiff incorporates the allegations set forth above and further provides that:

32. Discrimination on the basis of a disability or perceived disability, and retaliation for Plaintiff's requests for accommodation is contrary to the ADA and the OADA.

33. Refusal to offer an available reasonable accommodation such as time off work for treatment of Plaintiff's medical condition is a *per se* violation of the ADA.

34. Under this Count, Plaintiff is entitled to compensation for her lost wages (past, present and future including the value of benefits associated with such wages), emotional distress/dignitary harm damages, attorney fees and costs.

35. Because the actions of the Defendant were willful, malicious or, at the least, in reckless disregard for Plaintiff's federally and state protected rights, Plaintiff is entitled to an award of punitive damages under federal law.

## COUNT III

Plaintiff incorporates the allegations set forth above and further provides that:

36. The Defendant employed fifty (50) or more employees within seventy-five (75) road miles of the facility where the Plaintiff worked during at least twenty (20) weeks during the calendar years before, during, and after Plaintiff's termination. Therefore, Defendant is a covered employer under the FMLA.

37. Plaintiff had worked more than one (1) year for the Defendant at the time of her termination, and had worked more than 1250 hours during the twelve (12) months

prior to termination. Plaintiff had not used twelve (12) weeks of leave during the prior twelve (12) months. Therefore, Plaintiff was an eligible employee under the FMLA.

45. The termination of Plaintiff for taking and requesting intermittent leave is both retaliation for and interference with Plaintiff's entitlement to leave as prohibited by the FMLA.

46. Retaliation against Plaintiff for exercising her rights under the FMLA and interference with Plaintiff's utilization of FMLA leave are both violations of the FMLA.

47. Defendant's actions were willful as defined by the FMLA.

48. As a result of such interference and/or retaliation, Plaintiff is entitled to actual and equitable damages, including lost wages (past, present and future and for the value benefits associated with such earnings), pre-judgment interest, attorney fees and costs.

49. Because the actions of the Defendant were not taken in good faith, Plaintiff is entitled to an award of liquidated damages.

**WHEREFORE,** the Plaintiff prays that she be granted judgment in her favor and against the Defendant on all of her claims, and that this Court grant the Plaintiff all available compensatory damages, punitive damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS __ DAY OF MAY, 2014**

s/Christine E. Coleman
Mark Hammons, OBA # 3784
Christine E. Coleman, OBA # 30527
HAMMONS, GOWENS, HURST & ASSOC
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
E-mail: christine@hammonslaw.com
*Counsel for Plaintiff*

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED